UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL LEE PERRY, JR,

        Plaintiff,

    v.                                                             Case No. 23-cv-465-bhl

CAROLINA STARK,

        Defendant.

_____

## DECISION AND ORDER
_____

Plaintiff Michael Lee Perry, Jr., is a prisoner confined at the Milwaukee County Jail who is representing himself in this 42 U.S.C. §1983 case. The Prison Litigation Reform Act (PLRA) applies to this case because Perry was incarcerated when he filed his complaint. *See* 28 U.S.C. §1915. The PLRA provides that, regardless of fee status, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §1915A (a); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. §1915A (b)(1)-(2). The Court may also impose a "strike" for filing a frivolous lawsuit. *See* 28 U.S.C. §1915(g).

On April 10, 2023, Perry filed a civil rights complaint against Judge Carolina Stark, who presided over his state court criminal case between July 29, 2017 and August 4, 2018. Dkt. No. 1;

*see also State of Wisconsin v. Michael Lee Perry*, Wisconsin Circuit Court Access ("CCAP"), https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CM002181&countyNo=40&index=0&mode=details (last visited Jun. 15, 2023). According to the complaint, Judge Stark allegedly denied his motion to fire his criminal defense attorney, "questioned [his] competency," and "sent him to Mendota." Dkt. No. 1 at 2. She also told the court reporter to "stop writing what [Perry was] saying" and failed to inform Perry that "for misdemeanors it was only 60 days instead of 90 days." *Id*.

According to CCAP, on March 27, 2018, Perry (who appeared with his attorney) requested to proceed with his criminal trial *pro se*. *See* CCAP, *supra*. At that time, the prosecutor advised Judge Stark that there was reason to believe Perry was not competent to proceed, so Judge Stark found probable cause pursuant to Wis. Stat. §971.14(2) to order Perry to sit for a competency evaluation and denied his request to proceed *pro se*. *Id*. On April 9, 2018, Judge Stark ordered Perry to be transported to the Mendota Mental Health Institute for a competency evaluation. *Id*. On May 7, 2018, Judge Stark found Perry incompetent to proceed but likely to become competent at a later time. *Id*. For relief, Perry seeks monetary damages. Dkt. No. 1 at 3.

A judge has absolute immunity for all actions taken in his or her judicial capacity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "Immunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly." *Dellenbach v. Letsinger*, 889 F.2d 755, 757–58 (7th Cir. 1989). "In adjudicating controversies between parties, judges must be free to render decisions without fear of personal liability for those decisions." *Id*. Any act that has "an integral relationship with the judicial process" is cloaked by the doctrine of judicial immunity. *Id*.

2

Case 2:23-cv-00465-BHL    Filed 06/26/23    Page 2 of 4    Document 9

Denying a litigant's motion, finding probable cause to order a competency evaluation, and later finding incompetence under a Wisconsin state statute are all quintessential judicial acts. Further, judges have the inherent authority to control their courtrooms and can direct individuals, including the court reporter, on how to participate in the judicial process. *See e.g. Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–46 (1991) (noting that judges have the inherent authority to control courtroom behavior). And Perry's attorney was responsible for advising him of his rights, not the judge. Judge Stark acted in her judicial capacity in connection with all the allegations in this lawsuit and therefore is entitled to absolute immunity. Accordingly, the Court will dismiss this case as frivolous and will additionally impose a strike under §1915(g) because Perry brought a frivolous lawsuit against a judge. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (affirming a first strike in the district court, and imposing a second strike on appeal, on a Plaintiff who filed and appealed a lawsuit against individuals absolutely immune from suit under §1983, including a state court judge); *see also Williams v. Goldsmith*, 701 F.2d 603, 604 (7th Cir. 1983) ("All the defendants are absolutely immune from suit. Therefore, plaintiff's claim is frivolous.").

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g) for bringing a frivolous lawsuit.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Perry must pay the $350 statutory filing fee. Accordingly, the agency having custody of Perry shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Perry's prison trust account in an amount equal to 20% of the preceding month's income credited

to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Perry is transferred to another institution, the transferring institution shall forward a copy of this Order along with Perry's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

Dated at Milwaukee, Wisconsin on June 26, 2023.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge